**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBYN FRANK,** | ) | |
| | ) | **No. 20 C 7182** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Robyn Frank appeals the Acting Commissioner's decision denying her claim for Disability

Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. For

the reasons set forth below, the Court affirms the Acting Commissioner's decision.

**Background**

On May 9, 2017, plaintiff filed an application for Disability Insurance Benefits, and on May

11, 2017 filed an application for Supplemental Security Income benefits, which were both denied

initially, on reconsideration, and after a hearing. (R. 101, 137, 10.) The Appeals Council declined

review (R. 1), leaving the Administrative Law Judge's ("ALJ") decision as the final decision of

the Acting Commissioner of Social Security reviewable by this Court pursuant to 42 U.S.C. §

405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by

"substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended alleged disability onset date, May 9, 2017. (R. 16.) At step two, the ALJ determined that the plaintiff had the severe impairments of migraines, asthma, rotator cuff tendinitis and adhesive capsulitis of the left shoulder, degenerative disc disease of the lumbar spine, irritable bowel syndrome (IBS)/constipation with pelvic organ prolapse, status-post

hysterectomy and salpingectomy, major depressive disorder, anxiety not otherwise specified, and history of polysubstance abuse with active cannabis abuse disorder. (*Id.*) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 16-20.) At step four, the ALJ found that plaintiff had the RFC to perform light work with certain exceptions. (R. 20-28.) At step five, the ALJ found that, given the plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus she was not disabled. (R. 28.)

Plaintiff raises two arguments in opposition to the ALJ's decision. First, plaintiff argues, "the ALJ committed legal error in failing to include all the limitations associated with Plaintiff's moderate limitations in concentration, persistence and pace that she recognized." (ECF 15 at 13.) Second, plaintiff contends "the ALJ erred in failing to include appropriate limitations related to the Migraine headaches she found to be severe." (ECF 15 at 14.) This Court does not agree with the plaintiff on either point.

As ALJ Patricia Kendall explained during the April 24, 2019 hearing, she was "not bound by any of the previous determinations made in [plaintiff's] case… [r]ather [she had] a duty to consider the evidence that's been submitted to the file, as well as the testimony provided [at the hearing] to come to [her] own conclusions about [plaintiff's] case." (R. 39.) Unlike the ALJ's ability to review the evidence and make her own conclusions, this Court is limited to a deferential standard of review and must not make its own credibility determinations. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (noting that the court does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner" in its substantial evidence determination). Even if "reasonable minds could differ concerning

whether [the claimant] is disabled" this Court must affirm the ALJ's disability determination if supported by substantial evidence. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

Regarding plaintiff's first argument, this Court finds that the ALJ did not fail to include all limitations associated with Plaintiff's moderate limitations in concentration, persistence and pace. As the ALJ explained, "[t]he reviewing State agency psychological consultants and the psychological expert all assessed a moderate limitation in this area" and the ALJ "adopted their opinions as consistent with the evidence as a whole." (R. 19.) The ALJ found "no more than a moderate limitation is warranted based on this record." *Id.* During the hearing, the ALJ asked psychological expert, Dr. Jeffrey N. Andert what limitations would be appropriate with plaintiff's conditions, including the moderate limitation in concentration, persistence and pace. (R. 74.) Dr. Andert testified that the plaintiff "would be capable of a full range of simple work, including multiple step tasks that involve some degree of judgment in each step toward completion of a finished product." *Id.* Dr. Andert also recommended restriction of occasional contact with the general public and interactions with smaller groups of coworkers and assessed that "her ability to adapt to stress, to adapt to change and be oriented to new tasks would be limited to the simple range of work." *Id.*

In the ALJ's evaluation of the evidence, she explained how she found "Dr. Andert's medical opinion to be the most persuasive because it is based on the most complete record and he was able to consider claimant's presentation at the hearing." (R. 26.) Accordingly, the ALJ "limited claimant to simple, routine and repetitive tasks, to accommodate for her moderate limitation in concentration, persistence, or pace… [and] because of her moderate adaptive restrictions, [the ALJ] limited her to occasional changes in the work setting and occasional decision

making to reduce stress… [and also] limited her to occasional interaction with the public and occasional interaction with coworkers in small groups of 8 to 10" in consideration of her moderate social limitations.  (R. 25.)

Plaintiff claims, however, that Dr. Andert's testimony, upon being prompted, that plaintiff's major depressive disorder "could" interfere with her ability to be a responsible employee in the sense of lack of motivation to getting to work on a regular basis, was not taken into consideration.  (ECF 22 at 1.)  Plaintiff claims that "it is [her] depression that causes her to [sic] the most difficulty with concentration, persistence and pace" and that the ALJ's RFC did not include limitations to address plaintiff's "time off task and absences from the work-place as a result of her depression causing motivational issues."  (ECF 22 at 4-5.)  While plaintiff alluded generally to Dr. Andert's continued testimony that plaintiff "was able to participate in her healthcare without any noted difficulty with regards to attending appointments and participating in necessary treatments," plaintiff failed to acknowledge Dr. Andert's further testimony that "[i]t would be difficult to attribute [plaintiff's] reported absences or tardiness solely to her mental impairment." (R. 75.)

This Court does not have the authority to reach its own conclusion on the merits and must affirm the ALJ's decision if supported by substantial evidence in the record.  This Court finds that the ALJ carefully tailored RFC restrictions to the plaintiff's moderate limitations in concentration, persistence and pace.  Furthermore, the ALJ explains how she evaluated the weight of the evidence presented to reach her conclusion and the influential nature of Dr. Andert's medical opinion in helping her reach this conclusion.  As a result, this Court finds there is substantial evidence supporting the sufficiency of the ALJ's limitations associated with Plaintiff's moderate limitations in concentration, persistence and pace.

Regarding plaintiff's second argument, while the ALJ listed the plaintiff's migraines as a severe impairment, the ALJ also explained that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 16.) The ALJ further described that:

> to satisfy listing level severity, the headaches must occur at least once a week for at least 3 consecutive months, despite adherence to prescribed treatment; or, alternatively occur at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment with a marked limitation in one of the following: physical functioning; understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself.

(R.18.) The ALJ found that "[t]he record in this case does not document any of these criteria" and there "are not reports that she missed work due to headaches" in her work as a nanny for over a year. *Id.*

Furthermore, the ALJ found plaintiff's April 2019 hearing testimony regarding intensity, persistence and limiting effects of migraines, what plaintiff alleged as her primarily debilitating condition, to be "starkly different" from the treatment records which document "much greater improvement than [plaintiff] contends" resulting from Botox treatment. (R. 21.) In response to the ALJ's inquiry regarding this inconsistency and about plaintiff's "statements to her doctor of significant improvement," the plaintiff testified that "she had not told her doctor the truth… she did not give her doctor complete information because she wanted to continue the Botox, as it helped a little." (R. 22.) After reviewing the record and hearing plaintiff's testimony, the ALJ reached the conclusion that this response was "not completely reliable in light of the consistent record of claimant's reporting significant improvement from at least April 2018 through January 2019" and would "rely more on the objective medical evidence than her hearing testimony." (*Id.*) As explained above, this Court must not make its own credibility determinations, *Clifford* 227 F.3d at

869, but finds it reasonable that the ALJ reached this outcome through her detailed analysis of the evidence.

Additionally, contrary to plaintiff's argument that the ALJ included no limitations in her RFC reasonably calculated to accommodate plaintiff's headaches (s*ee* ECF 22 at 5), the ALJ did in fact take migraines into account in restricting plaintiff's RFC to performance of light work and in crafting further limitations. In her decision, the ALJ noted that "because of claimant's generalized pain complaints, including the headache… pains, [the ALJ] limited [plaintiff] to light work, as more exertional activities could potentially exacerbate her pain issues." (R. 23.) In specific consideration of plaintiff's "history of migraines, [the ALJ] included limitations to avoid all exposure to use of dangerous moving machinery and unprotected heights, no more than occasional exposure to vibration, and a tolerance to no more than moderate noise level, to avoid triggering migraine episodes." (R. 23.)

The plaintiff argues that the ALJ failed to consider the testimony of vocational expert, Brian Harmon, that "if Plaintiff's migraines caused her to be absent from the work-place more than once a month, or come in late more than once a month, or leave early more than once a month, or require additional breaks or be off-task more than 15% of the workday, she would be precluded from competitive employment." (ECF 15 at 15; *See* R. 81, 83-84.) However, as the ALJ concluded that plaintiff's headaches did not interfere with her ability to work on a regular basis (R. 18), the ALJ was not required to incorporate into the RFC the vocational expert's assessment of an inapplicable hypothetical. *Compare Bauer v. Astrue,* 532 F.3d 606, 609 (7th Cir. 2008) (noting that some chronic diseases result in the claimant having "better days and worse days," and finding error when an ALJ's RFC fails to consider fluctuations in a claimant's ability to work over periods of time).

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision and terminates this case.


SO ORDERED.                                    ENTERED: September 28, 2021




**M. David Weisman**
**United States Magistrate Judge**